I agree that the writ of mandamus should be issued and the order of the trial court certifying the class vacated. I opined some 29 years ago, when the law on class-action treatment of consumer-protection issues was in the formative stage, that a class action is not the appropriate vehicle for redress in particular cases. See Taylor v. Major Finance Co.,289 Ala. 458, 268 So.2d 738 (1972) (Maddox, J., concurring specially on overruling of application for rehearing). Specifically, where allegations of fraud are involved, class treatment of such issues is generally not appropriate. In Taylor, I explained:
 "The class action . . . has received attention in the consumer credit field as being the appropriate device to close the shops of the loan sharks. . . .
"The question, as I view it, is as follows:
 "Can individual plaintiffs maintain a class action to recover damages, penalties and attorneys' fees, authorized under the Alabama Small Loans Act [based upon claims of fraudulent conduct], not only for themselves but for all those similarly situated?
 ". . . I do believe that . . . this plaintiff should not be permitted to maintain a class action under the facts of this case."
289 Ala. at 463, 268 So.2d at 743.
Because the claims in this case are based upon allegations of fraud, just as the underlying claims in Taylor were, a class action is not the appropriate remedial device. Where the representations made to the plaintiffs were not uniform and share no common strand, class treatment of the claims is not appropriate. The many variables involved prevent class treatment of such issues in this case. I also see a major problem here with the fact that the Cosbys have already settled their claim. Therefore, I agree that the class should be decertified.